**Nelson Gregory WELLS, Plaintiff,**

v.

**SEARS ROEBUCK AND CO., Defendant.**

**No. CIV. A. 301CV35BN.**

United States District Court,
S.D. Mississippi,
Jackson Division.

Oct. 26, 2001.

Joseph Patrick Frascogna, Frascogna Courtney, PLLC, Jackson, MS, for plaintiff.

Lester F. Smith, Smith & Mcarty, Jackson, MS, for defendant.

### ORDER

BARBOUR, District Judge.

By his Motion, Plaintiff wishes to extend all the matters scheduled by the Case Management Order entered by the Magistrate Judge on March 30, 2001. That Order set the discovery deadline for October 18, 2001. Plaintiff issued his interrogatories and requests for production of documents on April 10, 2001. However, Defendant did not timely respond and Plaintiff was forced to file a Motion to Compel on September 17, 2001. Although denied because it did not include the proper certificate, the Motion did prompt responses to the interrogatories and requests for production by Defendant on October 4, 2001. Plaintiff was not satisfied with the responses of Defendant and moved for an extension of the discovery deadline which was granted by the Magistrate Judge who extended the discovery deadline from October 8 to October 31, 2001. Plaintiff now seeks a further extension of the discovery deadline together with a continuance of the trial date and adjustments to the motion deadline and pretrial date.

The Case Management Plan of this Court is designed to set, early in the proceedings, a firm trial date. This is done at the Case Management Conference. The attorneys have input as to that trial date. The discovery, expert witness designations and motion deadlines are set at that time. For the system to work properly, the judge should decide outstanding motions before the pretrial conference. The judge needs time to consider those motions after all responses and rebuttals have been submitted. If attorneys need additional time to submit any response to a motion or a rebuttal, that time is deducted from the time the judge has to consider the motion. Because of this time constraint on the judge between the motion filing deadline and the pretrial conference, the attorneys are expected to complete discovery and motion work in a timely fashion and in accordance with the Case Management Order.

Obviously, problems can arise and the Court should be reasonable in working with the attorneys where necessary. However, if the conduct of a respondent to discovery necessitates a motion to compel, the requester of the discovery must protect himself by timely proceeding with the motion to compel. If he fails to do so, he acts at his own peril. He must not expect the Court to extend discovery and/or the trial date because of the failures of the other party to respond, even if that failure is in bad faith.

Here, Plaintiff timely propounded interrogatories and requests for production to Defendant on April 10, 2001. However, Plaintiff did not file his motion to compel until September 17, 2001. This length of delay is not acceptable. The Court denies Plaintiff's Motion to Extend Deadlines.

The Court noted above that the Magistrate Judge had denied the Motion to Compel because the attorney for Plaintiff had not included his Good Faith Certificate required by Rule 37.1(A) of the Uniform Local Rules. That certificate is required to encourage attorneys to maintain civility in dealing with each other. Perhaps in this case, had Plaintiff's attorney telephoned Defendant's attorney shortly after the due date for responses to Plaintiff's discovery requests, the discovery disputes could have been resolved. If not, Plaintiff's attorney would have known that a Motion to Compel was necessary and filed it earlier.